# Brown *v*. Miles, Appellant.

*Practice, C. P.—Affidavit of defense—Conversion of securities.*

In an action against a partnership to recover damages for an alleged conversion of securities, an affidavit of defense is sufficient which expressly and circumstantially denies the conversion and appropriation of the securities by the firm, or that the firm ever had control over them or derived any benefit from them, and sets out facts and circumstances in connection with the transaction which so explain and supplement the averments of plaintiff's statement, that the only inference to be drawn would be one adverse to plaintiff's right of recovery.

Argued Oct. 28, 1907. Appeal, No. 18, Oct. T., 1907, by defendants, from order of C. P. No. 3, Allegheny Co., Aug. T., 1907, No. 720, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Thomas D. Brown v. R. E. Miles and John A. Wood, Jr., trading as Miles, Wood & Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover for securities alleged to have been converted.

Plaintiff in his statement of claim averred that R. E. Miles and John A. Wood, Jr., partners, doing business as Miles, Wood & Company, defendants, are indebted to him in the sum of $2,170.32, with interest from May 16, 1906.

That some time prior to May 31, 1905, the plaintiff pledged with R. E. Miles 208 shares of United States Glass stock and four shares of Guarantee Title & Trust Company stock to secure an indebtedness to the said R. E. Miles of $8,240.55.

That in November, 1905, R. E. Miles and John A. Wood, Jr., formed a partnership under the firm name of Miles, Wood & Company, the terms of which are unknown to plaintiff.

That on December 30, 1905, plaintiff received a statement showing him to be indebted to Miles, Wood & Company in the sum of $8,106.60, and having pledged as security therefor the above mentioned stock, which indebtedness and stock were the same account which had formerly been with R. E. Miles.

Defendant firm continued to send monthly statements of this account up to and including April 30, 1906, during which period the firm of Miles, Wood & Company had charged against the plaintiff interest upon the above amount and collected dividends upon the stocks pledged, and on April 30 he received a statement in account with Miles, Wood & Company for $8,263.80.

Shortly after the receipt of the last statement plaintiff was notified to take care of his account, and he went to the office of Miles, Wood & Company, ascertained the exact balance due on the account, and tendered the amount to John A. Wood, Jr., one of the defendants, who was then in charge of the office and business of the defendants, and then and there demanded the stocks that were pledged as security for the indebtedness.

That John A. Wood, Jr., told plaintiff that he could not deliver said stocks, that they were pledged with the Real Estate Trust Company for a larger amount of money. That plaintiff went to the Real Estate Trust Company, found his stocks pledged with the Real Estate Trust Company to secure a very large note of Miles, Wood & Company, and the trust company declined to surrender the same unless it received for account of said note the sum of $10,453.40, which was $2,170.32 more than plaintiff's indebtedness to Miles, Wood & Company on May 16, 1906.

That in order to redeem and save his stocks he was compelled to pay the Real Estate Trust Company $10,453.40. Whereupon defendants became indebted to plaintiff in the sum of $2,170.32.

John A. Wood, Jr., one of the defendants in the above case, in behalf of himself and the firm of Miles, Wood & Company, averred, in an affidavit of defense, that on November 1, 1905, he entered into partnership with R. E. Miles for the purpose of carrying on a general stock, bond and brokerage business; that for a long time prior to that date R. E. Miles had been carrying on a similar business in his own name, and had a large num-

ber of customers with whom he had dealings. That by the partnership agreement affiant became in no way liable for any of the debts or obligations of the said R. E. Miles which had been created prior to the formation of the partnership.

That Thomas D. Brown was a customer of R. E. Miles, and had dealings with him prior to the partnership between affiant and the said Miles. That the said plaintiff had pledged with Miles certain stocks to secure an indebtedness to the said R. E. Miles long before the formation of the partnership, and Miles in turn had pledged those stocks with the Real Estate Trust Company of Pittsburg to secure his personal indebtedness to the trust company, and they were so pledged at the time affiant entered into partnership with Miles.

That on December 5, 1905, without the knowledge or consent of affiant, R. E. Miles lifted his several notes in the Real Estate Trust Company and gave one in the name of Miles, Wood & Company, and pledged the stocks which he had received from plaintiff, together with others received from his former customers, as security for this note. That some time later R. E. Miles, on account of ill health, went to California, left his business and the business of the firm in the hands of affiant, and the said Miles never afterwards took any part in the business of Miles, Wood & Company.

That affiant then learned that Miles had become largely involved in his previous business, and had signed the firm name to certain notes, including the one above mentioned, the entire proceeds of which were received by Miles, and from which neither affiant nor the firm of Miles, Wood & Company received any benefit whatever. That said notes were for moneys for which neither affiant nor the firm of Miles, Wood & Company were in any way liable. That the note of Miles, Wood & Company, given by R. E. Miles to the Real Estate Trust Company as aforesaid, was given to lift notes which R. E. Miles had previously given to said trust company for his individual indebtedness. That said note was not a legal obligation against the firm of Miles, Wood & Company. That when Miles neglected to take care of his personal accounts affiant notified the various customers of R. E. Miles, prior to the date of the partnership, that it would be necessary for them to protect their own interests.

That Thomas D. Brown, the plaintiff, never had any dealings with the firm of Miles, Wood & Company, and the stock in question was never in the possession of Miles, Wood & Company.

Affiant denied that Miles, Wood & Company had charged against the plaintiff interest on the above accounts, and averred that all the accounts were kept in the original books of R. E. Miles, and that the firm of Miles, Wood & Company had no connection whatever with plaintiff's account.

Affiant averred that all notices of dividends collected on plaintiff's stock, after the formation of the partnership, were sent to plaintiff on printed blanks of R. E. Miles, with the name of R. E. Miles stamped thereon, and that the dividends received on the stock held as collateral were used to pay the interest on the loans secured by R. E. Miles for the plaintiff's benefit at the Real Estate Trust Company. That neither affiant nor the firm of Miles, Wood & Company received any benefit whatever from the dividends received from said stock.

That in December, 1905, and in January, 1906, monthly statements were inadvertently sent to plaintiff upon paper containing the heading of Miles, Wood & Company. They were taken from the original books of R. E. Miles, showing plaintiff's account. That plaintiff was in no way injured or prejudiced by the monthly statements sent out as aforesaid upon the firm paper of Miles, Wood & Company, or in any other way by affiant or by Miles, Wood & Company; and affiant denies any liability to plaintiff on his own account or on account of the firm of Miles, Wood & Company.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*James W. Kinnear, T. David McCloskey* and *Wm. E. Best,* for appellant.

*A. M. Imbrie,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 6, 1908:
With nothing before us but the order making absolute the

rule for judgment, it is difficult to understand on what ground the affidavit of defense in this case was adjudged insufficient. In his statement of claim the plaintiff does not rest his demand upon any express assumption by the defendants. His claim is that the defendant firm, without authority from him and without his knowledge, converted and applied to their own use, certain securities which he had pledged with another who subsequently became a member of the defendant firm. The statement sets out facts and circumstances which, uncontradicted or unexplained, would warrant no other inference than that the firm had converted and applied the securities in the way charged, and that, because of the firm's default, plaintiff was obliged to expend the amount of his present demand in order to redeem them. But the affidavit expressly and circumstantially denies the conversion and appropriation of the securities by the firm, or that the firm ever had control over them, or derived any benefit from them, and sets out facts and circumstances in connection with the transaction, which, while not in conflict with the facts set out in plaintiff's statement, yet so explain and supplement them, that the only inference to be derived would be one adverse to plaintiff's right of recovery, except as he could show an equity resulting from the transaction not indicated in his statement of claim. With that we have, however, nothing to do at this stage of the case. Since the case is to be tried we refrain from any fuller or further reference to the facts.

Judgment reversed, and procedendo awarded.